LEVIS v. CITY OF NEWTON et al.

(Circuit Court, S. D. Iowa. C. D. August 16, 1897.)

MUNICIPAL CORPORATIONS—USE OF STREETS—FRANCHISES—WITHDRAWAL—ORDINANCES—CONSTRUCTION.

This is a suit for injunction. The complainant, Howard C. Levis, trustee, seeks to have the authorities of the city of Newton, Iowa, enjoined from enforcing an ordinance for the removal, from the streets, of the poles and wires of the Newton Electric Company. At the hearing for preliminary injunction, a demurrer to the bill was overruled. 75 Fed. 884. Defendant appealed, and the action

of the court in granting a preliminary injunction was sustained, and the case remanded for final determination. 25 C. C. A. 161, 79 Fed. 715. Defendants again file demurrer, which is overruled, and reference made to the former decision. 75 Fed. 884.

Gatch, Connor & Weaver and James S. Cummins, for plaintiff.

N. T. Guernsey and O. C. Meredith, for defendants.

WOOLSON, District Judge. This suit is brought by the trustee of a certain deed of trust, to enjoin the authorities of the city of Newton, Iowa, from enforcing an ordinance passed by the city council of said city. The Newton Electric Company, a corporation organized under the laws of the state of Iowa, executed its deed of trust, in favor of Howard C. Levis, as trustee, upon its electric light plant, situated in said city of Newton. The bill avers that the outstanding indebtedness secured by such deed of trust is $10,000, and is evidenced by bonds. It is further averred that the said plant was erected under and in accordance with an ordinance duly passed by said city council, prior to the execution of said trust deed; that said city council has lately passed, under appropriate forms of law, an ordinance purporting to repeal the said ordinance, under which said plant was erected, and to authorize and direct the authorities of said city to remove the poles, wires, etc., of said plant from the streets of said city; and that, if said removal (which said city proposes to make) is thus made, the said security, in said trust deed given for the payment of said bonds, will be destroyed, etc. The prayer asks for a writ of injunction restraining said city and its authorities from attempting to make said removal, etc. A detailed statement of the contents of the bill is here not necessary. This case was before this court upon application for a writ of preliminary injunction, and, in the opinion then rendered, the contents of the bill are set out in full. 75 Fed. 884. The preliminary writ was ordered and issued. At the hearing on the application for said writ, the merits of the bill were exhaustively discussed by counsel on either side, and were considered by the court, and its decision rendered thereon. The case was then appealed to the circuit court of appeals for this circuit, where the discussion of the merits of the case as presented in the bill were again presented and discussed at length. Counsel for plaintiffs and defendants have favored me with copies of their briefs as filed on such appeal. In the opinion affirming the action of this court (25 C. C. A. 161, 79 Fed. 715), the circuit court of appeals say: "The arguments and brief of counsel invite us to a consideration of the questions of law, which must be finally determined upon a demurrer to the bill, or upon a final hearing of this case after answer. We have, however, found it unnecessary to decide these questions on this appeal, and we express no opinion upon them. They are of sufficient importance and difficulty to demand careful examination and deliberate consideration; and, whatever the ultimate answers to them may be, the preliminary injunction was rightfully issued, because it simply maintained the existing conditions, prevented irreparable loss to the appellee, and inflicted very slight, if any, loss or inconvenience upon the appellants." Defendants have now filed a demurrer, presenting the same points which were urged against the sufficiency of the bill on the hearing for preliminary writ of injunction. Upon some of the points, counsel have presented additional argument, with further citation of authorities. These have been carefully considered, but have not in any wise modified the views held by this court, and expressed in the opinion rendered upon application for the preliminary writ. It is felt that further attempt at presenting these views is useless, the same having been stated at much length in the former opinion. 75 Fed. 884. I content myself with referring thereto, and with announcing that defendants' demurrer is overruled, to which defendants except.